516 P.2d 1393

Rose CASADOS, Plaintiff and Respondent,

v.

Peggy MICKLEWRIGHT, Administratrix of the Estate of Henry S. Lucero, Deceased, Defendant and Appellant.

Albert CASAUS, Plaintiff and Respondent,

v.

Peggy MICKLEWRIGHT, Administratrix of the Estate of Henry S. Lucero, Deceased, Defendant and Appellant.

Lourdes V. MONTOYA, Plaintiff and Respondent,

v.

Peggy MICKLEWRIGHT, Administratrix of the Estate of Henry S. Lucero, Deceased, Defendant and Appellant.

No. 13278.

Supreme Court of Utah.

Dec. 14, 1973.

L. E. Midgley, Salt Lake City, for defendant and appellant.

W. Eugene Hansen of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Justice:

Appeal from a judgment for plaintiffs in a case tried to the court without a jury, involving a head-on collision occurring after dark on a two-lane highway on New Year's Eve. Affirmed, with costs to plaintiffs.

The main thrust of defendant's case on appeal appears to be 1) insufficiency of the evidence to support the findings. Ancillary points on appeal are 2) error in permitting plaintiffs' expert witness (a Utah State Highway Patrol analyst) to testify concerning the point of impact,— which seems inapropos here since such testimony was stricken on motion; and 3) that the plaintiffs were without a meritorious cause and were contributorily negligent, when, as guests, they not only assumed the risk but shared their host's drunken condition which statutorily could have been presumed, after a post-collision blood analysis, which showed the alcohol content was roughly but half that of the deceased driver of the other car. There is no authority to sustain such conclusion under the circumstances of this case, and the evidence does not support any assumption that the plaintiff guests were aware of any such presumption or of the host driver's blood-alcohol content, or that any particular alcohol affected him more sharply, the same as, or less effectively than the ordinary *less* prudent man.

As to the evidence, it appears that the investigating officers were of the opinion that the host was on the wrong side of the highway, whose testimonies were somewhat watered down by error and perhaps minor inconsistencies, while the state patrolman said in his opinion based on photographs, etc., that the then-alive deceased was on the wrong side of the street, which testimony was buttressed somewhat by two motorists following the host's car by about 100 yards.

Although the argument of appellant's counsel deserves considerable respect, it appears to us that fact for fact, the record reveals evidence of an admissible nature, that if believed by the arbiter of the facts, —in this case the trial judge—we have little alternative but to conclude that under accepted concepts of appellate review, we must affirm his judgment, which we do.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.